SO ORDERED.
SIGNED 17th day of September, 2026

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 3:26-BK-00349 |
| DAVID SHAWN MILLS, | ) | CHAPTER 7 |
| | ) | JUDGE NANCY B. KING |
| Debtor, | ) | |
| ______________________________ | ) | |
| | ) | |
| VIA ENERGY SOLUTIONS, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 3:26-AP-90067 |
| | ) | |
| DAVID SHAWN MILLS, | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Defendant, David Shawn Mills ("Debtor" or "Mills") has filed a Motion to Dismiss [Docket No. 9], Counts I-V of the above-styled adversary brought by Via Energy Solutions, LLC ("VES"). VES asserts six counts: denial of discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(2)(B), and (a)(5) (Counts I–III), and nondischargeability under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) (Counts IV–VI) seeking to except $429,245.62

plus interest from discharge.[1] VES has filed a response in opposition. [Docket No. 17]. For the reasons cited herein, the Court DENIES the Motion to Dismiss.

**STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). Although a complaint that is challenged by a Federal Rule of Civil Procedure 12(b)(6)[2] motion to dismiss does not need detailed facts, a plaintiff is obligated to provide sufficient grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555. Recitation of the elements of a cause of action by making conclusory statements is not sufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, the issue is whether the claims have sufficient factual matter to make them plausible. *Id.* at 679 (citing *Twombly*, 550 U.S. at 555-56).

"Thus, if the factual allegations are 'well-pleaded' in the complaint, a court can assume their veracity and then decide whether the facts could support the requested relief." *Peters v. Fernandez* (*In re SCS Logistics Inc.*), 673 B.R. 397, 405 (Bankr. S.D. Ohio 2025)

---

[1] Debtor does not seek dismissal of VES's Count VI.
[2] Made applicable by Federal Rule of Bankruptcy Procedure 7012.

(citation omitted). This is "'context-specific, requiring the reviewing court to draw on its experience and common sense.'" *Think3 Litig. Tr. v. Zuccarello* (*In re Think3, Inc.*), 529 B. R. 147, 169 (Bankr. W.D. Tex. 2015) (quoting *Iqbal*, 556 U.S. 662, 663-64). There is no need for a court to determine if a plaintiff will prevail on the merits, but rather whether a plaintiff is entitled to provide evidence in support of its claim. *Id.* at 170 (citation omitted). Under this limitation, the facts alleged by VES are as follows.

## FACTS

### A. The Parties' Pre-Petition Dealings and Resulting Judgment

Mills was the principal of DMS Energy, LLC ("DMS"), an energy brokerage that received commissions from suppliers such as Constellation Energy, Broker Online Exchange ("BOX"), and BidUrEnergy, Inc. VES purchased DMS's book of business for $575,000 in 2022. In connection with that transaction, DMS and Mills entered into non-compete covenants, agreeing not to compete with VES or solicit the sold customers. DMS and Mills also agreed to remit any post-closing commissions to VES. VES alleges that, shortly after receiving the final purchase price installment, Mills—individually and through Legacy Business Solutions, LLC ("LBS")—began competing with VES, solicited former DMS customers, and retained post-closing commissions, while asserting the transaction had not closed.

VES initiated arbitration against Mills, DMS, and LBS in November 2023. Following an evidentiary hearing, on October 4, 2024, the arbitrator ruled in VES's favor

on all counts and awarded more than $400,000 plus post-award interest against Mills, DMS, and LBS, jointly and severally. Thereafter, the Circuit Court for Williamson County, Tennessee, confirmed the arbitration award on February 10, 2025. VES alleges Mills has failed to satisfy the judgment and has resisted post-judgment discovery by claiming minimal assets and interests, resulting in a civil contempt finding for noncompliance.

**B. Post-Award Receipts and Transfers**

VES alleges that, during and after the arbitration, Mills continued to retain commission payments paid to DMS or LBS, and that in October 2025, he attempted to deposit a Constellation Energy check into an account for Verity Connections, LLC ("Verity"), which the bank refused. VES further alleges LBS received Loop Media commissions that Mills directed to a joint personal account rather than an LBS account, and Mills admitted depositing such funds into a personal account. On June 6, 2025, BOX paid $4,066.14 with a "Legacy Business" notation, which VES alleges Mills deposited into a personal/joint Old Glory Bank account and used for personal purposes. VES also alleges that revenue generated by DMS in 2024 was diverted to Mills' personal account and that funds were moved from an LBS account into his daughter's account.

**C. Verity Connections, LLC, and Hiding Assets Allegations**

VES alleges Mills operates Verity, formed in January 2025 after the arbitration award, and that Mills claims to be a "licensed financial strategist" while noting no such license exists. VES contends Mills used Verity to shield income and assets through his

wife, Catia Mills, and other family members. VES alleges Mills and his wife utilized numerous financial accounts—including multiple joint and individual checking accounts at Chase Bank, Old Glory Bank, and First Horizon Bank; LBS accounts at multiple banks; and non-bank platforms such as CashApp, PayPal, and Venmo—and moved funds among them, sometimes in cash, without clear business purpose or income recognition. VES makes other allegations including failure to disclose the sale of a vehicle, various other financial transactions which VES characterizes as attempts to hide assets, and a lack of honesty both before and after the bankruptcy case was filed.

## DISCUSSION

### A. Count 1 - 11 U.S.C. § 727(a)(2)(A)

Section 727(a)(2) of the Bankruptcy Code provides that "[t]he court shall grant the debtor a discharge, unless—

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2)(A). "This section encompasses two elements: 1) a disposition of property, such as concealment, and 2) 'a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.'" *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000) (citation omitted). "Additionally, to

adequately set forth an 11 U.S.C. § 727(a)(2)(A) claim, a plaintiff must allege that (1) the transfer 'took place within one year of the filing of the Debtor's petition for relief,' and (2) the transferred property belonged to the debtor." *Colebrook v. Thompson* (*In re Thompson*), 668 B.R. 156, 187 (B.A.P. 6th Cir. 2025) (citations omitted). Failure to adequately set forth these allegations may serve as the basis for dismissal for failure to state a claim. *Id*. (citations omitted)

VES makes the following allegations of conduct that occurred within one year of the petition with an intent to hinder, delay, or defraud: (1) transfers from Verity to Debtor's joint/personal accounts of more than $40,000; (2) transfer from LBS to Verity, then to Debtor's joint account and to Debtor's mother amounting to approximately $10,000; (3) deposit of real estate sale proceeds into a Verity account and subsequent large withdrawal/check to spouse totaling at least $80,000; (4) misuse of corporate accounts to disburse personal funds to family members; and (5) several other specific incidents involving the sale of a vehicle and other financial transactions. Debtor replies that the Chapter 7 Trustee has already investigated and either "settled" or otherwise abandoned these allegations.[3]

[3]Debtor's Motion to Dismiss seems to argue that because a deal or settlement was reached with the Chapter 7 Trustee, the 11 U.S.C. § 727 claims have been resolved. Debtor cannot rest upon a deal reached with the Chapter 7 Trustee. Section 727(c)(1) makes clear that VES's standing is independent from any decision of the Chapter 7 Trustee. Section 727(c)(1) provides that "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section."

While the allegations made by VES with regard to 11 U.S.C. § 727(a)(2)(A) may or may not be sufficient to prove all essential elements, they are facially plausible to survive a motion to dismiss. Accordingly, the Motion to Dismiss Count I is DENIED.

**B. Count II - 11 U.S.C. § 727(a)(2)(B)**

While 11 U.S.C. § 727(a)(2)(A) encompasses Debtor's pre-petition acts, Debtor's post-petition actions fall within the scope of 11 U.S.C. § 727(a)(2)(B), which requires proof that Debtor: (1) transferred, removed, destroyed, mutilated, or concealed property of his bankruptcy estate, (2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate, (3) after the Petition Date. The intent of 11 U.S.C. § 727(a)(2)(B) is to deny discharge to a debtor who fails to disclose transactions regarding his assets after filing his petition in bankruptcy. *Jordan v. Pritchard* (*In re Pritchard*), 633 B.R. 314, 328 (Bankr. E.D. Tenn. 2021) (quoting *Ayers v. Babb* (*In re Babb*), 358 B.R. 343, 352 (Bankr. E.D. Tenn. 2006)).

VES makes the following allegations of post-petition misconduct to deny Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(B): (1) Debtor "fail[ed] to disclose the existence of multiple bank accounts and other assets to the Chapter 7 Trustee;" (2) Debtor's initial bankruptcy petition "omitted mention of multiple relevant bank accounts" and that Debtor "meritlessly resisted Rule 2004 examinations," with additional undisclosed accounts later revealed; (3) Debtor provided misleading testimony/omissions to the Chapter 7 Trustee post-petition (use of daughter's account); and (4) Debtor used Verity to

pay for a Netflix account. These allegations alone seem highly unlikely to merit denial of a debtor's discharge under 11 U.S.C. § 727(a)(2)(B). However, the allegations do present a plausible action. Accordingly, the Court DENIES the Motion to Dismiss Count II.

### C. Count III - 11 U.S.C. § 727(a)(5)

"Under § 727(a)(5), a court may deny a discharge of all debts if 'the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]' The party seeking to deny discharge under § 727(a)(5) 'must identify assets that the debtor owned at one time and subsequently claims to no longer possess.'" *The Clock Tower by W. Element, Ltd. v. Scott* (*In re Scott*), No. 25-30494, Adv. No. 25-03037, 2026 WL 1824050, at *29 (Bankr. S.D. Ohio June 23, 2026) (quoting *Vara v. Motil* (*In re Motil*), No. 22-10571, Adv. No. 22-1084, 2023 WL 187156, at *12 (Bankr. N.D. Ohio Jan. 13, 2023)). Moreover, the assets should be "substantial and identifiable." *McDonald v. McDonald*, 29 F.4th 817, 822 (6th Cir. 2022) (citation omitted).

Again, VES sets forth some allegations to support the unexplained loss of assets or deficiency of assets. For the same reasons cited by the Court addressing 11 U.S.C. § 727(a)(2)(A), the Court finds that the allegations of VES's Complaint are facially plausible. The Debtor's Motion to Dismiss Count III is DENIED.

**D. Counts IV and V - 11 U.S.C. § 523(a)**

VES's complaint relies largely upon the allegations plead with regard to 11 U.S.C. §§ 727(a)(2)(A) and (a)(5). The Court makes no findings as to the merits of VES's claims, but it is not a close call as to whether the complaint concerning 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) is facially plausible—it is. Accordingly, the Court DENIES the Motion to Dismiss Counts IV and V.

## CONCLUSION

VES's complaint contains sufficient factual matter, when accepted as true, to state a claim to relief that is plausible on its face, and therefore the Court **DENIES** the Debtor's Motion to Dismiss and cancels the hearing scheduled for September 23, 2026.

The parties shall confer and return the worksheet attached to the preliminary pretrial order to consensually agree on setting this matter for trial. The worksheet shall be filed with the Court no later than October 15, 2026. If the parties are unable to accomplish this task, they should contact the Courtroom Deputy for a continued pretrial conference date.

**IT IS SO ORDERED.**

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.